**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000046**
**16-JAN-2026**
**07:48 AM**
**Dkt. 58 SO**

NO. CAAP-23-0000046

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MAGNO FRANCO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-22-00838)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Magno D. Franco (**Franco**) appeals from the District Court of the First Circuit's (**district court**) August 31, 2022 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**2022 Judgment**),[1] and January 24, 2023 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**2023 Judgment**).[2]

---

[1]    The Honorable James S. Kawashima presided.

[2]    The Honorable Alvin K. Nishimura presided.

On June 14, 2022, the State of Hawai‘i (**State**) charged Franco by Complaint with one count of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020).[3]  Following a bench trial, the district court found Franco guilty of the charged offense, and entered the 2022 Judgment, which fined Franco $250 along with accompanying fees.  Franco appealed the 2022 Judgment in case no. CAAP-22-0000551, but stipulated to the dismissal of the appeal so that jurisdiction could revert to the district court for a ruling on Franco's license revocation.  The district court entered the 2023 Judgment, which revoked Franco's license for one year, but stayed judgment pending appeal.  This appeal followed.

On appeal, Franco raises two points of error, contending that: (1) the State failed to adduce substantial evidence to support Franco's conviction for OVUII; and (2) the district court's failure to strike "testimony that impermissibly stated a legal conclusion" constituted plain error.  (Formatting altered.)

---

[3]       HRS § 291E-61(a)(1) states, in relevant part,

(a) A person commits the offense of [OVUII] if the person operates or assumes actual physical control of a vehicle:

   (1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Franco's points of error as follows:

(1) Franco contends that "the State failed to adduce substantial evidence that [Franco] had intentionally, knowingly or recklessly operated his vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty."

We consider the evidence adduced at trial "in the strongest light for the prosecution when . . . pass[ing] on the legal sufficiency of such evidence to support a conviction." State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted). The test on appeal is whether there was substantial evidence to support the conviction. Id.

"Substantial evidence . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (cleaned up). The trial judge in a bench trial, as the trier of fact, "is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." State v. Batson, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992) (citation omitted).

The State called two witnesses at trial: Honolulu Police Department (**HPD**) Officer Nelson Ky (**Officer Ky**), and Officer Ty Ah Nee (**Officer Ah Nee**). Officer Ky testified that on May 27, 2022, he observed a vehicle driving in the wrong direction on a one-way street. Officer Ky followed the vehicle into a McDonald's parking lot, where he pulled over the vehicle and observed that the driver, Franco, had "glassy, red eyes." Officer Ky "could smell a strong odor of alcohol" while standing about two feet away from Franco.

Officer Ah Nee, who administered Franco's three-part standardized field sobriety test (**SFST**), testified as to Franco's conduct and actions while performing the SFST. "[E]vidence of a driver's conduct and physical actions while performing a SFST is not only relevant to probable cause for an arrest, but is also admissible as indicia of whether a driver was OVUII beyond a reasonable doubt." State v. Jones, 148 Hawai‘i 152, 172, 468 P.3d 166, 186 (2020).

While administering the horizontal gaze nystagmus test, Officer Ah Nee observed that Franco's "eyes were red, watery, glassy," and that "[t]here was a strong odor of a consumed alcoholic type beverage coming from his person." During the walk-and-turn test, Officer Ah Nee observed that Franco exhibited six of eight clues indicating impairment: the inability to stand with his right foot in front of his left foot

on the line; taking fourteen and sixteen heel-to-toe steps when he was instructed to take nine; missing multiple heel-to-toe steps; stepping off the line twice; "shuffl[ing] both feet" during his turn; and appearing to lose his balance on steps 9 and 10. During the one-leg stand test, Officer Ah Nee observed that Franco's "raised foot was swaying," that Franco raised his arms once, and that he "count[ed] a couple of numbers twice."

On this record, we conclude that there is substantial evidence that Franco's operation of a vehicle while under the influence of alcohol was in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

(2) Franco contends that "[t]he district court plainly erred in failing to strike Officer Ah Nee's testimony that impermissibly stated a legal conclusion." (Formatting altered.) Franco specifically challenges, for the first time on appeal, Officer Ah Nee's statements that "there was a lot of impairment" as to Franco's walk-and-turn test, and "[a]s a whole, that there was an -- some kind of intoxicant that was impairing [Franco's] ability to divide his attention."

> Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, an appellate court may recognize plain error when the error committed affects substantial rights of the defendant.

5

State v. Metcalfe, 129 Hawai‘i 206, 222, 297 P.3d 1062, 1078 (2013) (cleaned up). "Erroneous admission of evidence may constitute plain error if a fair trial of the accused was thereby impaired, or if it substantially prejudiced the accused." State v. Cummings, 49 Haw. 522, 528, 423 P.2d 438, 442 (1967) (cleaned up).

"[I]t is well-settled that opinion testimony should not merely tell the fact-finder what result to reach, and witnesses are not permitted to give legal conclusions." Jones, 148 Hawai‘i at 173, 468 P.3d at 187 (citations omitted). Franco contends that the district court improperly admitted Officer Ah Nee's testimony of Franco's "impairment" in performing the SFST, and in his "ability to divide his attention." We agree that Officer Ah Nee was not allowed to render his expert opinion as to Franco's "impairment." See id. at 174, 468 P.3d at 188 (holding "that police officers may no longer testify, whether in a lay or expert capacity, that a driver appeared 'intoxicated'") (footnote omitted).

We conclude, however, that the admission of Officer Ah Nee's testimony on Franco's "impairment" did not constitute plain error. The record reflects that the district court reached its conclusion regarding Franco's impairment based on the properly admitted testimony of Franco's "smell of alcohol" and performance on the SFST. In a bench trial, "it is presumed

that the presiding judge will have disregarded the incompetent evidence and relied upon that which was competent." State v. Kiese, 126 Hawai'i 494, 507, 273 P.3d 1180, 1193 (2012) (cleaned up). The district court explained that,

> I think the smell of alcohol is sufficient to satisfy the influence of alcohol portion. And so what I'm really looking at is a sufficiency to impair normal mental faculties.
>
> And in that regard, I find the State has met its burden primarily through the SFST testimony. As [defense counsel] points out, it's sort of a calisthenics thing. But **all I'm looking at is how able were you to follow simple instructions at the time. And inability to do so on all three tests along with some swaying and along with, you know, stepping off line and raising arm -- all of that suggests to me and frankly proves beyond a reasonable doubt that there is an impairment of normal mental faculties.**

(Emphasis added.) On this record, Franco's right to a fair trial was not impaired, and Franco was not otherwise "substantially prejudiced."

For the foregoing reasons, we affirm the 2022 Judgment and the 2023 Judgment.

DATED: Honolulu, Hawai'i, January 16, 2026.

| | |
|---|---|
| On the briefs: | /s/ Karen T. Nakasone<br>Chief Judge |
| Taryn R. Tomasa,<br>Deputy Public Defender,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Loren J. Thomas,<br>Deputy Prosecuting Attorney,<br>City and County of Honolulu,<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |